FRIEDLAND & LEVINE BROS., Inc., v. GENERAL FISH CO.

(Supreme Court, Appellate Term, First Department. May 14, 1914.)

1. NEW TRIAL (§ 103*)—NEWLY DISCOVERED EVIDENCE—COLLATERAL MATTERS.

   A new trial should not be granted for newly discovered evidence relating merely to collateral matters brought out on cross-examination of plaintiff's witness.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 215–217; Dec. Dig. § 103.*]

2. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

   A new trial should not be granted for newly discovered evidence where there was an entire failure to show that the evidence could not have been produced at the trial by due diligence.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. § 102.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

**3. NEW TRIAL (§ 163\*)—ORDER GRANTING—GROUNDS.**

General Rule of Practice 31 requires an order granting a new trial to state the ground on which it was granted.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 330–332; Dec. Dig. § 163.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Friedland & Levine Bros., Incorporated, against the General Fish Company. From an order setting aside a verdict in its favor and granting a new trial, defendant appeals. Reversed.

Argued May Term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

Bernard Gordon, of New York City, for appellant.

Samuel Hellinger, of New York City, for respondent.

GUY, J. Defendant appeals from an order setting aside a verdict in its favor and granting a new trial on the ground of fraud and newly discovered evidence.

[1-3] No fraud is shown, and the alleged newly discovered evidence relates merely to collateral matters brought out on cross-examination of a witness for plaintiff, and not involving the matters at issue. There is also an entire failure to show that the evidence in question could not have been produced at the trial by the exercise of due diligence. The order also fails to state, as required by rule 31 of the General Rules of Practice, the grounds on which the order was granted.

For these reasons the order must be reversed, with costs, and the judgment reinstated. All concur.